IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02790-GPG

MANUEL L. VILLALOBOS,

    Plaintiff,

v.

CYNTHIA H. COFFMAN, AG,
LAURIE ROTTERSMAN, Asst. AG.,
FELICIA P. MENDEZ GONZALES,
ANDREW STONE, Hearing Officer,
SUSAN J. TROUT, District Att., and
DEMERS, Trainee, CDR,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Manuel L. Villalobos currently resides in Englewood, Colorado. He initiated the instant action by filing *pro se* a Complaint, ECF No. 1, and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), ECF No. 2. The filings were found to be deficient and Plaintiff was directed to cure the deficiencies, which he did on January 15, 2016. Magistrate Judge Gordon P. Gallagher then granted Plaintiff leave to proceed without payment of the filing fee.

The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

1

Plaintiff appears to be challenging the disposition of a Colorado Court of Appeals (CCA) decision that upheld the district court's decision to deny Plaintiff's request for a name change on his Colorado identification card. Plaintiff attached a copy of the CCA's opinion to the original Complaint that he filed in this case on December 21, 2015. *See* ECF No. 1 at 3-14; *Villalobos v. Colo. Dep't of Revenue*, No. 14CA1248 (Colo. App. Dec. 3, 2015). The CCA set forth the procedural history of Plaintiff's state case as follows.

> In 2012, Villalobos went to a local office of the Colorado Division of Motor Vehicles (a division of CDOR [Colorado Department of Revenue]) and submitted a request to change his name on his Colorado identification card from "Manuel L. Villalobos" to "Clemente Luna Rodriguez." In support of the requested name change, he submitted two birth certificate records from California and his then-current Colorado identification card.
>
> Because of the nature of the supporting documents, Villalobos's request was referred to CDOR's investigations unit. After further investigation, CDOR denied his name change request pursuant to section 42-2-302(3)(a)(I), C. R. S. 2015, ruling that he first needed to obtain a court-ordered name change.
>
> Villalobos filed an administrative appeal of CDOR's decision. Following an evidentiary hearing, a hearing officer upheld the denial. The hearing officer concluded that Villalobos failed to present secure and reliable identification documents, as required by section 24-72.1-103, C.R.S. 2015 and Department of Revenue Rule 6-2.2, 1 Code Colo. Regs. 204-30.
>
> Villalobos then sought judicial review of the hearing officer's decision. The district court concluded that the hearing officer's affirmation of CDOR's denial was supported by the record and the district court accordingly affirmed the hearing officer's decision.

ECF No. 1 at 3-4; *Villalobos*, No. 14CA1248 at 1-2. The CCA affirmed the district court's decision and found Plaintiff's evidence used to support his request for a name change had significant discrepancies, was not credible, and did not support a name change based on secure and verifiable evidence. ECF No. 1 at 9-10; *Villalobos*, No. 14CA1248 at 7-8. The CCA further determined that the evidence presented by the CDOR was not

incredible or false as a matter of law and a hearing officer's findings regarding this evidence on review must be accepted.   ECF No. 1 at 11; *Villalobos*, No. 14CA1248 at 9.  Finally, the CCA determined that Plaintiff's due process rights were not violated by any alleged destruction of documents, because there is no evidence on the record demonstrating that any documents were destroyed other than possibly "original documents got messed up in the feeder," when a hearing officer took Plaintiff's documents to photocopy and then returned to documents to Plaintiff.   ECF No. 1 at 12-13; *Villalobos*, No. 14CA1248 at 10-11.   The CCA found at most documents may have been damaged but not destroyed.   *Id.*

In the January 15, 2016 Complaint filed in this Court, Plaintiff asserts that (1) evidence was destroyed by the hearing officer, Andrew Stone, and Demers, who was a trainee, in violation of his Fourteenth Amendment rights; and (2) false reports were made by the CDOR chief investigator, Felicia P. Mendez Gonzales, against Plaintiff.   Plaintiff asks that this Court review the records, transcripts and reverse the opinion of the CCA.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.   The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings.   See *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).   "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction."   *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court

judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004), *overruled in part on other grounds by Exxon Mobil Corp.*, 544 U.S. 280. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Crutchfield*, 389 F.3d at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the

4

decisions of its lower courts."   *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

Plaintiff is asking this Court to review the determinations of the Colorado Court of Appeals and reverse the CCA's decision.   For Plaintiff to prevail on his claims, this Court would have to review, and ultimately reject, the CCA decision.   Therefore, Plaintiff's claims are subject to dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.   *See Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005).

The Court further finds that, to the extent the CCA's December 3, 2015 decision is not final, Plaintiff's claims are subject to dismissal pursuant to the *Younger* abstention doctrine.   *See Younger v. Harris*, 401 U.S. 37 (1971).   That doctrine "requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues."   *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982).   Plaintiff does not allege specific facts to show that state court proceedings do not offer him an adequate opportunity to litigate any federal constitutional issues.   *See Middlesex Cnty. Ethics Comm.,* 457 U.S. at 431.

Therefore, the Complaint and action will be dismissed for lack of subject matter jurisdiction.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If

Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED March 4, 2016, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court